# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO. 1:26-cv-23237-KMW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

REIGN FINANCIAL INTERNATIONAL, LLC, *et al.*,

    Defendants.

_____ /



FILED BY _____ D.C.

AUG 13 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## DEFENDANT PATRICK ALLEN'S MOTION FOR A STAY OF ALL CIVIL PROCEEDINGS, EXCEPTING ENTRY OF THE PENDING CONSENT JUDGMENTS, AND FOR EARLY PRODUCTION OF CO-DEFENDANT-RELATED MATERIALS, OR IN THE ALTERNATIVE, FOR A TAILORED STAY OF DEFENDANT'S DISCOVERY OBLIGATIONS

### INTRODUCTION

Defendant Patrick Allen ("Allen"), appearing pro se, respectfully moves this Court, pursuant to its inherent authority and the Fifth Amendment, for an order staying all proceedings in this action pending resolution of the related criminal case, *United States v. Allen*, No. 25 Cr. 324-DEH (S.D.N.Y.) (the "Criminal Case"), with an exception permitting the Court to enter the pending consent motions for entry of judgment as to Defendants Reign Financial International, LLC, Reign Financial International, Inc., Giorgio Johnson, and Gary Mills (Dkt. Nos. 4, 11). Independent of that stay, Allen separately moves, under Rule 26(d)'s good-cause standard, for early production of documents the Commission already possesses — statements, testimony, declarations, and Wells submissions obtained from Johnson, Mills, and Reign in connection with

1

the consent agreements those parties executed in April and May 2026. In the alternative, if the Court determines that a general stay is not warranted, Allen requests a tailored stay limited to the discovery mechanisms that would require his own testimonial participation.

As set forth in the Conferral Statement below, Plaintiff Securities and Exchange Commission does not oppose a general stay of this action on the terms described above, but opposes a stay limited only to Allen's own discovery obligations and does not agree to the early production requested. This motion is accordingly structured to present the relief on which the parties are largely aligned as the primary request, while preserving the alternative and the independently-argued production request for the Court's resolution.

The civil and criminal cases arise from the same alleged conduct, and full participation in this action would force Allen to choose between invoking the Fifth Amendment and suffering adverse inferences, or waiving it and handing the government material usable in the pending prosecution. Allen is the sole named individual defendant in the Criminal Case, which is proceeding toward a final pretrial conference on September 28, 2026 and trial beginning October 5, 2026. Allen's current deadline to respond to the Complaint in this action is August 17, 2026, as twice extended by this Court.

**BACKGROUND**

A.   **The Civil Action and Procedural History**

On May 7, 2026, the SEC filed this civil enforcement action against Reign Financial International, LLC, Allen, and other defendants. The Summons was issued on May 27, 2026, and served upon Allen on May 28, 2026. Upon Allen's request, and with the SEC's non-opposition, this Court entered an order extending Allen's deadline to respond to the Complaint and subsequently extended that deadline a second time to August 17, 2026. This action has been

2

referred to Magistrate Judge Lett for non-dispositive matters. Allen now moves, before that deadline, for the relief described below.

### B.    The Parallel Criminal Case

On July 17, 2025, a federal grand jury in the Southern District of New York returned an indictment against Allen. *See United States v. Allen,* No. 25 Cr. 324-DEH (S.D.N.Y.) (Hon. Dale E. Ho, presiding). Allen is charged with wire fraud and money laundering. He is the sole named individual defendant. The Criminal Case is actively pending, with a final pretrial conference scheduled for September 28, 2026 and trial scheduled to begin October 5, 2026. The criminal charges arise from the same alleged conduct that is the subject of this civil enforcement action.

### C.    The Co-Defendants' Consent Agreements and Pending Consent Judgments

Co-defendants Johnson, Mills, and Reign Financial International resolved their exposure in this matter through consent agreements executed on or about April 30 through May 4, 2026 — before the Commission's complaint against Allen was filed on May 7, 2026. Consent motions for entry of judgment as to those defendants are pending on the docket at Dkt. Nos. 4 and 11. On information and belief, the negotiation of the consent agreements involved statements or submissions by those parties describing the conduct at issue, including conduct that overlaps substantially with the conduct charged criminally against Allen. Allen is the only individual named as a defendant in both this civil action and a related criminal prosecution arising from the same underlying conduct.

## LEGAL STANDARD

Federal district courts have broad discretion to stay proceedings, or discrete aspects of them, when a related criminal prosecution creates a risk that the civil case will be used to circumvent the constraints of the criminal process, including the privilege against self-

3

incrimination. *Coquina Investments v. Rothstein,* No. 10-60786-Civ., 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936)). Relevant factors include the overlap between the criminal and civil cases, the status of the criminal case, the interests of the parties and the court, and the public interest. *See SEC v. Dresser Indus., Inc.,* 628 F.2d 1368 (D.C. Cir. 1980) (en banc).

Eleventh Circuit law mandates the issuance of a full stay in a civil proceeding if "special circumstances so require in the interest of justice." *United States v. Lot 5, Fox Grove, Alachua County, Fla.,* 23 F.3d 359, 364 (11th Cir. 1994). A stay need not be all-or-nothing, and courts routinely except from a stay's scope matters that do not implicate the stayed party's privilege or require the party's participation. *See, e.g., Sec. & Exch. Comm'n v. Gibraltar Global Sec., Inc.,* 2015 WL 1514746 (S.D.N.Y. 2015). Separately, Rule 26(d) permits early discovery on a showing of good cause, which courts find where the requested material imposes no burden on the producing party and bears on issues — including a pending stay request — the Court must resolve.

## ARGUMENT

### I. THE COURT SHOULD STAY ALL PROCEEDINGS, EXCEPTING ENTRY OF THE PENDING CONSENT JUDGMENTS.

#### A. Special Circumstances Require a Stay, and the Balance of Interests Confirms It.

Eleventh Circuit law mandates a stay where special circumstances so require in the interest of justice, including where invocation of the Fifth Amendment privilege will result in the automatic loss of the civil case. *Lot 5,* 23 F.3d at 364. Those circumstances are present here: Allen is the sole named individual defendant in a criminal case arising from the same alleged conduct, so any invocation of the privilege in this action would leave him with no meaningful civil defense, and the case would end automatically upon invocation. *See Baxter v. Palmigiano,* 425 U.S. 308, 318 (1976). The balance of interests independently confirms this result and is not in dispute: Plaintiff

does not oppose a general stay on the terms proposed, see Conferral Statement infra, and its ability to pursue disgorgement, penalties, and injunctive relief remains intact upon conclusion of the Criminal Case; Allen, by contrast, would otherwise bear the burden of a pro se civil defense in a second federal district while litigating the same alleged conduct criminally; and judicial economy and the public interest in protecting the pending criminal proceeding both favor deferring this action until that proceeding concludes. See *Dresser*, 628 F.2d at 1376.

### C.   The Stay Should Except Entry of the Pending Consent Judgments as to Reign, Johnson, and Mills.

The stay should except entry of the pending consent judgments as to Reign, Johnson, and Mills (Dkt. Nos. 4, 11). Entry of those judgments requires nothing of Allen, does not implicate his Fifth Amendment interests, and resolves matters already fully consented to by the settling parties.

## II.   THE COURT SHOULD DIRECT EARLY PRODUCTION OF THE CO-DEFENDANTS' CONSENT-AGREEMENT MATERIALS, INDEPENDENT OF THE STAY.

Allen separately requests production of documents the Commission already possesses: statements, testimony, declarations, and Wells submissions obtained from Johnson, Mills, and Reign in the course of negotiating their consent agreements executed on or about April 30 through May 4, 2026 — before the Commission's complaint against Allen was filed on May 7, 2026. This request does not seek discovery of the kind that would raise a sword-and-shield concern; Allen does not request depositions, interrogatories, or any mechanism that would require the Commission or the settling co-defendants to generate new testimonial material. The materials sought already exist in the Commission's file.

These materials stand on fundamentally different footing than discovery directed at Allen. They require nothing of Allen; they were generated by Johnson, Mills, and Reign describing their own conduct, at a time when each had every incentive to accurately characterize its role relative

to Allen's in order to secure favorable consent terms. They bear directly on whether Allen caused the representations at issue or whether Reign's independent conduct is the operative cause — the causation question at the heart of both the civil claims and the criminal charges — and on this Court's own evaluation of the stay requested above, since the terms of those resolutions inform the overlap between the two proceedings and the equities the Court must weigh.

Good cause exists under Rule 26(d) for this limited early production: the materials are necessary to Allen's defense and to the Court's resolution of the stay request, and they impose no burden on any party — they need only be gathered from the Commission's own investigative file. As reflected in the Conferral Statement below, Plaintiff does not agree to this request and intends to produce discovery pursuant to the Court's orders and applicable rules. Allen accordingly presents this request for the Court's independent resolution on the merits, and, to the extent the Court construes it as a "discovery motion" within the meaning of the Court's Order Setting Discovery Procedures (ECF No. 25) rather than as falling within that Order's exception for motions to stay discovery, respectfully requests leave under paragraph 2 of that Order to raise the request in this format, given its non-burdensome, non-testimonial character.

## III.  IN THE ALTERNATIVE, THE COURT SHOULD ENTER A TAILORED STAY LIMITED TO ALLEN'S OWN DISCOVERY OBLIGATIONS.

If the Court determines that a general stay is not warranted, Allen requests, in the alternative, a tailored stay of only those discovery mechanisms that would require his own testimonial participation — interrogatories, requests for admission, and depositions — while permitting the case to proceed as to other matters. *See Gibraltar Global Sec.*, 2015 WL 1514746. Requiring a response to those mechanisms while the Criminal Case remains pending would force Allen to choose between waiving the privilege and having that invocation used against him. *See Baxter*, 425 U.S. at 318. Plaintiff opposes this narrower configuration of relief; Allen presents it

6

solely as an alternative, in the event the Court concludes that the general stay in Section I is not warranted.

**LOCAL RULE 7.1(A)(3) CONFERRAL STATEMENT**

Pursuant to Local Rule 7.1(a)(3) and the Court's Order Setting Discovery Procedures (ECF No. 25), undersigned Defendant certifies as follows. Defendant telephoned Plaintiff's counsel, Jennifer L. Farer, on August 10, 2026 and left a voicemail requesting a call to confer regarding the relief sought in this Motion. The parties conferred by telephone on August 11, 2026. During that call, Ms. Farer confirmed Plaintiff's position, which she memorialized by email the same day: Plaintiff opposes a stay limited to Allen's own discovery obligations; Plaintiff does not oppose a general stay of this action, provided the stay excepts the Court's entry of the pending consent motions for entry of judgment as to Defendants Reign Financial International, LLC, Reign Financial International, Inc., Giorgio Johnson, and Gary Mills (Dkt. Nos. 4, 11); and Plaintiff does not agree to the early production requested in Section II above and will produce discovery pursuant to the Court's orders and applicable rules.

**RELIEF REQUESTED**

For the foregoing reasons, Allen respectfully requests that this Court enter an Order:

(1)     Staying all proceedings in this action pending final disposition of *United States v. Allen*, No. 25 Cr. 324-DEH (S.D.N.Y.), or further order of the Court, excepting from that stay the Court's entry of the pending consent motions for entry of judgment as to Defendants Reign Financial International, LLC, Reign Financial International, Inc., Giorgio Johnson, and Gary Mills (Dkt. Nos. 4, 11);

(2)     Directing the Commission to produce, within fourteen (14) days and independent of the Court's disposition of the stay requested above, all statements, testimony, declarations, and

Wells submissions obtained from Johnson, Mills, and/or Reign Financial International in connection with their consent agreements, to the extent such materials bear on the conduct alleged against Allen;

(3)     Directing the parties to file a Joint Status Report within thirty (30) days of any final disposition of the Criminal Case, proposing a schedule for resumption of any remaining proceedings in this action;

(4)     In the alternative, and only if the Court determines that a general stay under paragraph (1) is not warranted, staying Allen's obligation to respond to interrogatories, requests for admission, deposition notices, or any other discovery mechanism that would require Allen's own testimonial participation in this action, pending resolution of the Criminal Case, or further order of the Court, and extending Allen's deadline to respond to the Complaint accordingly; and

(5)     Granting such other and further relief as the Court deems just and proper.

Patrick Allen
Defendant, Appearing Pro Se
Dated: August 13, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, a true and correct copy of the foregoing Motion and Proposed Order was served upon counsel for Plaintiff by United States Certified Mail and Return Receipt Requested addressed as follows:

Jennifer L. Farer, Esq.

U.S. Securities and Exchange Commission

100 F Street, NE,

Washington, DC 20549

Patrick Allen, Pro Se Defendant

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**[PROPOSED] ORDER GRANTING DEFENDANT PATRICK ALLEN'S MOTION FOR A STAY OF ALL CIVIL PROCEEDINGS, EXCEPTING ENTRY OF THE PENDING CONSENT JUDGMENTS, AND FOR EARLY PRODUCTION OF CO-DEFENDANT-RELATED MATERIALS, OR IN THE ALTERNATIVE, FOR A TAILORED STAY OF DEFENDANT'S DISCOVERY OBLIGATIONS**

THIS CAUSE came before the Court on Defendant Patrick Allen's Motion for a Stay of All Civil Proceedings, Excepting Entry of the Pending Consent Judgments, and for Early Production of Co-Defendant-Related Materials, or in the Alternative, for a Tailored Stay of Defendant's Discovery Obligations. The Court, having reviewed the Motion and the record in this case, and being otherwise duly advised, hereby ORDERS as follows:

1.   The Motion is GRANTED.

2.   All proceedings in this action are hereby STAYED pending the final disposition of *United States v. Allen*, No. 25 Cr. 324-DEH (S.D.N.Y.), or further order of the Court, excepting the Court's entry of the pending consent motions for entry of judgment as to Defendants Reign Financial International, LLC, Reign Financial International, Inc., Giorgio Johnson, and Gary Mills (Dkt. Nos. 4, 11), which are excepted from this stay and may proceed to entry.

3.   Within fourteen (14) days of this Order, Plaintiff Securities and Exchange Commission shall produce all statements, testimony, declarations, and Wells submissions obtained from Johnson, Mills, and/or Reign Financial International in connection with their consent agreements, to the extent such materials bear on the conduct alleged against Defendant.

4.   Within thirty (30) days of any final disposition of the criminal proceeding referenced above, the parties shall file a Joint Status Report advising the Court of the outcome and proposing a schedule for resumption of any remaining proceedings in this action.

5.    Either party may move to modify or lift this Order upon a material change in circumstances, on no less than thirty (30) days' notice to all other parties.

DONE AND ORDERED in Miami, Florida, this _____ day of _____, 2026.

_____

ENJOLIQUÉ A. LETT
United States Magistrate Judge
Southern District of Florida

Copies furnished to all parties of record.

11