**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-23237-KMW-EAL**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**vs.**

**REIGN FINANCIAL INTERNATIONAL, LLC;**
**REIGN FINANCIAL INTERNATIONAL, INC.;**
**GIORGIO JOHNSON;**
**GARY MILLS;**
**PATRICK ALLEN;**
**BERONE CAPITAL, LLC;**
**JEREMIAH BEGUESSE; and**
**FABIAN STONE,**

**Defendants.**
_____________________________________________/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO DEFENDANT PATRICK ALLEN'S MOTION FOR A STAY AND OTHER RELIEF AND THE UNITED STATES' MOTION TO INTERVENE AND FOR A COMPLETE STAY OF DISCOVERY**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") respectfully submits this response to Defendant Patrick Allen's Motion for a Stay of All Civil Proceedings, Excepting Entry of the Pending Consent Judgments, and for Early Production of Co-Defendant-Related Materials, or, in the Alternative, for a Tailored Stay of Defendant's Discovery Obligations (Dkt. No. 27) and the United States' Motion to Intervene and for a Complete Stay of Discovery (Dkt. No. 28). As reflected in Defendant's Motion and further set forth below, the SEC does not oppose a general stay of all civil proceedings with an exception for entry of the pending proposed consent final judgments, given the anticipated limited duration of the stay. The proposed general stay of all civil proceedings would also address the United States' request for a complete stay of discovery. However, the SEC does oppose Defendant's alternative request for a stay limited to Defendant's discovery obligations and Defendant's request for early production of any discovery

materials because such relief would prejudice the SEC and allow Allen to avoid his own discovery obligations while circumventing the Federal and Local Rules and the procedures set forth in this Court's Orders to obtain early discovery that he can use to develop a defense in both this case and the parallel criminal case.

## BACKGROUND

### I. SEC's Civil Case and Defendants' Responses

On May 7, 2026, the SEC filed its Complaint alleging securities fraud and other violations of the securities laws against the named Defendants. (Dkt. No. 1.) Specifically, the SEC alleges that Defendants Reign Financial International, LLC; Reign Financial International, Inc; Georgio Johnson; and Gary Mills (collectively, "Reign Defendants") and Defendant Patrick Allen perpetrated a fraudulent investment scheme, raising over $26 million through the offer and sale of securities in fraudulent high-yield investment programs. (*Id.*) As alleged in the Complaint, Allen played a critical role in the scheme as administrator of two of the high-yield investment programs through companies he owned and controlled and, among other misconduct, his misappropriation of millions of dollars in investor funds. (*See id.*) The Complaint further alleges that Defendants Berone Capital, LLC, Jeremiah Beguesse, and Fabian Stone (collectively, "Berone Defendants") engaged in misconduct by misappropriating assets from a hedge fund they managed that held investor funds from the fraudulent scheme and also by allowing Allen and the Reign Defendants to misappropriate some of the funds. (*See id.*)

On May 11, 2026, the SEC filed its Motion for Entry of Final Judgment as to the Reign Defendants, requesting that the Court enter the proposed consent final judgments to effectuate settlement between the SEC and the Reign Defendants. (Dkt. No. 4.) On June 5, 2026, the SEC filed a Notice of Revised Proposed Final Judgments, informing the Court of a change to the Commission's rules of informal procedure—rescission of its no-deny policy, codified in 17 C.F.R.

§ 202.5(e)—and submitting revised proposed consent final judgments to reflect the change. (Dkt. No. 11.) The SEC's request for entry of the proposed consent final judgments for each of the Reign Defendants remains pending without any objection from any of the Defendants or any third party.

Allen was served with the Complaint on May 28, 2026, and, upon Allen's requests, the Court extended his response deadline twice to the current August 17, 2026 deadline. (Dkt. Nos. 7, 13, 24.) To date, Allen has not responded to the Complaint, instead filing the pending Motion. The Berone Defendants waived formal service of process. (Dkt. Nos. 8-10.) On August 10, 2026, the Berone Defendants filed a motion to dismiss. (Dkt. No. 26.)

## II. Court Order Setting Deadlines for a Joint Conference Report and Scheduling Order

On July 21, 2026, the Court entered an Order of Referral and Notice of Court Practices and Procedures that, in relevant part, referred all discovery disputes and non-dispositive pretrial motions to Magistrate Judge Lett and ordered the Parties to file a joint conference report and joint proposed scheduling order within 20 days from the date the last Defendant responds to the Complaint through an answer or Rule 12 motion. (Dkt. No. 22.) The deadline for this submission now depends upon the timing of Allen's outstanding response to the Complaint. On July 31, Magistrate Judge Lett entered an Order Setting Discovery Procedures. (Dkt. No. 25.)

## III. Parallel Criminal Case Against Defendant Patrick Allen

On May 16, 2025, Allen was charged by criminal complaint in the United States District Court for the Southern District of New York at least in part for Allen's alleged conduct in connection with the alleged fraudulent scheme in this case. *United States v. Patrick Allen*, 1:25-cr-00324 at Dkt. No. 1 (S.D.N.Y. May 16, 2025).[1] Allen was arrested in this District, and an order of removal to the Southern District of New York for trial was entered. On July 17, 2025, a federal grand jury returned an indictment charging Allen with one count of wire fraud and one count of

[1] Docket entries from the criminal case will be cited as "CRM Dkt. No."

money laundering. (CRM Dkt. Nos. 6, 7.) Allen pled not guilty, and his trial is currently scheduled to begin on October 5, 2026. (CRM Dkt. Nos. 8, 39.)

On August 19, 2026, the United States, through the United States Attorney's Office for the Southern District of New York that is prosecuting the criminal case against Allen, filed a Motion to Intervene and for a Complete Stay of Discovery in this case. (Dkt. No. 28.)

## ARGUMENT

### I. THE SEC DOES NOT OPPOSE A GENERAL STAY, SUBJECT TO AN EXCEPTION FOR ENTRY OF THE PENDING CONSENT FINAL JUDGMENTS, BUT IT DOES OPPOSE THE PROPOSED ALTERNATIVE LIMITED STAY

The SEC does not oppose a general stay of all civil proceedings during the pendency of the parallel criminal case against Defendant Allen, subject to an exception for entry of the pending proposed consent final judgments. With the criminal trial currently scheduled for October, a general stay in this case would be relatively limited in duration and would alleviate any potential issues with piecemeal litigation involving only certain Parties and certain issues, which preserves resources and mitigates any potential prejudice to the Parties and the public. Providing an exception for entry of the proposed consent final judgments against the Reign Defendants would not prejudice Allen, as he concedes (Dkt. No. 27 at 5), or any of the other Defendants; would obviate the need for the Reign Defendants to participate in scheduling and other proceedings among the Parties; and would allow the SEC to move forward with collection of the penalty and disgorgement amounts from the Reign Defendants. The SEC conferred with counsel for the Berone Defendants, as their position was not referenced in Allen's Motion. The Berone Defendants also do not oppose a stay, including as to their pending motion to dismiss.[2]

---

[2] In light of the pending motions to stay, the SEC plans to file a separate unopposed motion to extend its July 24 response deadline to the Berone Defendants' motion to dismiss.

While the SEC does not oppose a general stay, it does oppose Allen's alternative request for a partial stay as to "discovery mechanisms that would require his own testimonial participation," referring specifically to interrogatories, requests for admission, and depositions. With this alternative request that would eliminate access to critical discovery from Allen, Allen seeks to protect his own interests and fails to account for the resulting prejudice to the SEC (and likely the other Defendants) in its efforts to collect necessary evidence relevant to its affirmative case and Defendants' defenses. Staying only Allen's discovery obligations would create an unworkable dual tracked discovery schedule and force the SEC to conduct written and document discovery and depose other Defendants and third-party witnesses without the benefit of discovery from Allen concerning his own alleged misconduct and his knowledge about the alleged misconduct of his co-Defendants. This asymmetry of information would severely prejudice the SEC, given Allen's long-time relationships with the other Defendants and his extensive role in the alleged misconduct. The issue concerning lack of information from Allen is further compounded here by Allen's failure to comply with subpoenas for documents and testimony during the SEC's investigation that preceded this investigation. Thus, the SEC does not have the benefit of significant information from Allen that would be necessary for the SEC to develop its strategy, sequencing, and substance of discovery and proceedings on the merits. This material gap of information and piecemeal discovery prejudices the SEC and also undermines the efficient and effective administration of justice.

Moreover, Allen, proceeding *pro se*, has identified certain discovery he currently believes would be implicated by an anticipated invocation of his Fifth Amendment rights. The SEC anticipates a risk that he may seek to expand the stay as the case proceeds to avoid having to invoke his Fifth Amendment rights with respect to other matters, including his outstanding response to the Complaint or certain document discovery, which would lead to ongoing litigation on this issue

that does not serve the interests of the Parties or the Court, particularly when balanced against the requested general stay that is limited in duration and would avoid these issues.

## II. THE COURT SHOULD DENY DEFENDANT'S REQUEST FOR EARLY PRODUCTION OF CERTAIN MATERIALS

Regardless of the Court's ruling on the request for a stay, the Court should deny Allen's request for early production of any statements, testimony, declarations, and Wells submissions obtained from the Reign Defendants in connection with their consent agreements. The SEC does not agree with Allen's characterizations of the requested materials, but the Court need not address that issue in order to resolve the request for early production as set forth below.

Pursuant to Federal Rule of Civil Procedure 26(d)(1), a party may not seek discovery before the parties have conferred as required by Rule 26(f), except, in relevant part, when authorized by the Federal Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). While the Court of Appeals for the Eleventh Circuit has not adopted a standard for allowing expedited discovery, several courts in this District have required a party who seeks to conduct discovery prior to the Rule 26(f) conference to show good cause. *Federal Trade Commission v. On Point Global LLC*, 2020 WL 32996, at *1 (S.D. Fla. Jan. 2, 2020). "Good cause may be established by showing some urgency, such as unusual circumstances that would likely prejudice the party if he were required to wait the normal time," including, for example, the potential loss of testimony or loss, concealment, or spoilation of evidence or assets. *Alvarez v. Skinner*, 2013 WL 12191393, at *1 (S.D. Fla. Oct. 3, 2013) (citing cases). In determining whether good cause exists, the court should weigh the need for expedited discovery against the prejudice to the responding party. *Federal Trade Commission*, 2020 WL 32996, at *1.

Here, the Court has already ordered the Parties to confer on an agreed schedule, including discovery, and Allen has not demonstrated good cause to justify an exception to the Federal Rules and the Court-ordered process. Allen's proffered basis for requesting expedited production of the

identified materials—that good cause exists because the materials "are necessary to Allen's defense and to the Court's resolution of the stay request, and they impose no burden on any party"—is factually inaccurate and legally insufficient to establish good cause for early discovery. (Dkt. No. 27 at 6.)

First, as a threshold matter, Allen has not identified any urgent need for these materials. In fact, any question of urgency is belied by Allen's own request to stay as well as his repeated requests for extensions of time to respond to the Complaint. Allen cannot seek to invoke the Court's equitable discretion to stay all proceedings (or, alternatively, his discovery obligations) to protect his own interests while simultaneously demanding that the opposing Party take affirmative action to produce discovery early and during that same stayed period. Allen would be fully protected from all civil litigation obligations while the SEC would be required, within a compressed time period, to gather, review, and produce targeted investigative materials without the benefit of a protective order, a privilege log protocol, or any other standard discovery safeguard ordinarily established through the Rule 26(f) process.

Second, Allen has not demonstrated he will suffer any prejudice if the Court does not grant the request for early production of certain discovery, as opposed to receiving any responsive materials in the normal course of discovery pursuant to the Federal and Local Rules and this Court's Orders. By his own admission, Allen's request is nothing more than an attempt to circumvent the Federal Rules of both civil and criminal procedure to obtain early discovery relevant to the merits, which would afford him an improper, unfair advantage in the parallel cases against him—a tactic that Courts generally seek to protect against. *See, e.g., SEC v. Martin*, 2020 WL 13934071, at *1 (M.D. Fla. June 5, 2020) (considering the integrity of the criminal prosecution and defendant's potential circumvention of the more limited rules of criminal discovery in granting a stay of a parallel SEC case); (*see* Dkt. No. 27 at 6) (explaining that the requested discovery

materials "bear directly" on issues "at the heart of both the civil claims and the criminal charges" and "are necessary to Allen's defense"). Further, Allen asserts without explanation that the discovery is necessary to the Court's resolution of the stay request. However, neither Allen nor the Court needs information about the co-Defendants' statements to resolve whether a stay is appropriate. There is no dispute that there is an overlap of issues between the parallel civil and criminal cases, which can be evaluated, as necessary, on the face of the respective charging documents and the discussions in Allen's and the United States' respective Motions. (*See* Dkt. Nos. 27, 28.)

Third, Allen does not account for the prejudice to the SEC with Allen gaining the benefit of early discovery to prepare his defense without producing a single document and simultaneously seeking to protect himself from answering a single interrogatory, request for admission, or providing any testimony to the SEC in return. Moreover, contrary to Allen's unsupported representation that this does not impose any burden on the SEC, although the materials may already exist in the SEC's files, the SEC still needs to search for the requested materials, review for any privilege or other protection applicable to documents that may contains responsive "statements," and coordinate production. The SEC is being asked to undertake these efforts without a governing protective order, privilege protocol, or other discovery procedures normally discussed during a Rule 26(f) conference and submitted to the Court. The proper mechanism for obtaining non-privileged materials from the Commission's investigative file is the ordinary discovery process—document requests served pursuant to a scheduling order entered after a Rule 26(f) conference—not an expedited production order entered before any scheduling framework has been established. The purpose of the Court-ordered joint scheduling and discovery conference is to ensure that discovery proceeds in an orderly, proportionate, and mutually agreed-upon manner under the Court's supervision. Allowing Allen to bypass the Court's own scheduling procedures by styling

a premature discovery request that goes to the merits of the case as establishing "good cause" under Rule 26(d) would render the Court's scheduling framework meaningless. In short, Allen's Motion, if granted, would allow him to circumvent that entire process and obtain targeted materials from the SEC's investigative file on his own timetable, without any protective order or other standard discovery measures that may be necessary, while the SEC receives nothing in return, and the discovery plan this Court contemplated has yet to be developed. Accordingly, Allen's request for early production of the identified materials should be denied.

**CONCLUSION**

For the foregoing reasons, the SEC respectfully submits that the Court should deny Defendant's request for a partial stay and for early production, and if the Court orders a broader stay, that the stay include an exception for entry of the pending proposed consent final judgments.

Respectfully submitted,

Date: August 20, 2026

By: /s/ *Jennifer Farer*
Jennifer L. Farer
Gov. Atty. Bar ID No. A5503498
Direct Dial: (202) 551-5072
Email: farerj@sec.gov

James M. Carlson
S.D. Florida Bar # A5501534
Direct Dial: (202) 551-3711
Email: carlsonja@sec.gov

100 F Street, N.E.
Washington, D.C. 20549-5977

*Attorneys for Plaintiff Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF and sent a copy via email and First Class Mail to *pro se* Defendant Patrick Allen, counsel for the United States, and counsel for the Reign Defendants.

/s/ *Jennifer Farer*
Jennifer L. Farer, Esq.